UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| REPUBLIC FRANKLIN INSURANCE COMPANY,<br>         Plaintiff,<br><br>-v-<br><br>FLINN FINANCIAL, INC.,<br>         Defendant. | No. 1:20-cv-328<br><br>HONORABLE PAUL L. MALONEY |

### ORDER

The matter is now before the Court on Defendant Flinn Financial, Inc.'s objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Sally J. Berens (R&R ECF No. 24; Objection ECF No. 25). Plaintiff Republic Franklin Insurance Company has responded to the Objection (ECF No. 26) For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Flinn's objection largely reiterates the arguments it presented to Magistrate Judge Berens, which the Court need not consider. *See Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) ("objections to magistrate judges' reports and recommendations are not meant to simply be a vehicle to rehash arguments set forth in the petition."). Flinn brings only one specific objection: that Magistrate Judge Berens should have followed *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266 (6th Cir. 2007) instead of *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008) and *Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448 (6th Cir. 2003). The Court disagrees: as Magistrate Judge Berens noted, these cases represent the two distinct lines of caselaw that have developed in the Sixth Circuit. The Court agrees with Magistrate Judge Berens that this case is most similar to *Flowers* and *Northland*, and the Court finds no error in the R&R's application of that line of caselaw instead of the *Travelers* line of caselaw. Accordingly, Flinn's objection will be overruled.

The Court finds no error in the R&R. Flinn's objection will be overruled and the R&R will be adopted as the opinion of the Court. Accordingly,

3

**IT IS ORDERED** that the February 25, 2021 R&R (ECF No. 24) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's objection (ECF No. 25) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 10) is **DENIED**.

**IT IS SO ORDERED.**

**Date:** March 25, 2021                                    /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge